UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

WELLS FARGO BANK, N.A., ET AL.          *          CIVIL ACTION

versus                                  *          NO. 05-2660

FLASH VOS, INC., ET AL.                 *          SECTION "F"

ORDER AND REASONS

Before the Court are two motions:  (i) plaintiff's motion to remand and (ii) defendants' motion to transfer.  For the reasons that follow, the motion to remand is GRANTED and the motion to transfer is DENIED as moot.

Background

These parties have a rather complex litigation history, including several state court proceedings in Louisiana, some (allegedly collusive) suits in Texas state court, as well as bankruptcy proceedings that have been dismissed, and three Chapter 7 proceedings (jointly administered) currently pending in the Southern District of Texas.  The Court focuses on those facts relevant to contextualize the pending motions to remand and transfer.

In an underlying foreclosure suit in Louisiana state court, Plaintiff, Wells Fargo Bank, N.A., Trustee, by and through its

master and special servicer, ORIX Capital Markets, L.L.C. ("ORIX")[1] obtained a judgment in December 2004, which is now valued at more than $13 million,[2] against three of the defendants, Cyrus II Partnership, Bahar Development, Inc., and Mondona Rafizadeh (collectively, "Debtors" or "Debtor Defendants").[3]

The December Judgment[4] arose from a loan ORIX extended to Cyrus, which was secured by a mortgage on certain property (the Arlington Apartments) in Harvey, Louisiana and the personal guaranty of Mondona Rafizadeh. (Bahar is Cyrus's general partner. Mondona Rafizadeh is the 100% owner of Bahar, a limited partner of Cyrus and a guarantor on the ORIX loan.) The Louisiana state court found that the Debtors committed fraud at the inception of the loan (by falsifying documents to inflate occupancy and revenue), wasted

---

[1] ORIX is the agent for Wells Fargo Bank, N.A., which is the Trustee of a Trust that owned commercial mortgage-backed securities.

[2] The principal amount of the December 2004 Judgment was approximately $10.8 million. The state court also awarded approximately $2 million in attorney's fees and costs. As of May 26, 2005, the value of the judgment exceeded $13 million. Interest accrues at more than $4,000 per day.

[3] This action was filed in March 2002. Debtors actually sued ORIX (for claims arising out of ORIX's servicing of the loan) the day before ORIX sued Debtors; the cases were consolidated for trial, which lasted four days. The judgment in favor of ORIX is currently on appeal before the Louisiana Fifth Circuit Court of Appeal.

[4] The state court found that the Debtors committed fraud at the inception of the loan, wasted the property, and provided incredible testimony to substantiate their defenses and counterclaims.

the property, and provided incredible testimony to substantiate their defenses and counterclaims.

To collect on the December Judgment, ORIX commenced the present suit in state court on March 2, 2005.[5]  This time, in addition to suing the Debtors (the three original defendants in the first suit), ORIX has sued 52 other parties, which ORIX says are affiliates of Debtors, to extend liability on the December Judgment under the theory that Debtors and their alleged affiliates operate as a single business enterprise and have transferred assets among themselves (the "SBE Litigation").

On June 27, 2005, Debtors filed for bankruptcy relief under Chapter 7 in the Southern District of Texas.  The next day, Cyrus and Bahar removed the present action, the SBE Litigation, to this Court pursuant to 28 U.S.C. § 1452(a), which permits removal of any case in which bankruptcy jurisdiction exists.  While ORIX filed its motion to remand in July 2005, this matter was stayed (and the case closed for statistical purposes) pending an order lifting the stay by the bankruptcy court.

The bankruptcy stay was lifted on March 29, 2006 to allow ORIX to pursue the SBE Litigation.  ORIX now asks the Court to remand this case to Louisiana state court.  Defendants counter that transfer of this case to the Southern District of Texas is more

_____

[5] ORIX filed the action in Louisiana state court; the SBE Litigation was ultimately transferred to the Louisiana state court division that heard ORIX's first suit.

3

appropriate.

ORIX asserts that the equities favor remand of this action to Louisiana state court, including, because this is not a core bankruptcy proceeding, this case presents only state law claims related to a case adjudicated to conclusion in state court, and remand would promote comity and judicial efficiency.   Defendant Debtor Mondona Rafizadeh and the 52 Non-Debtor Defendants oppose remand and instead urge the Court to transfer the case the Southern District of Texas.

## I.   Subject Matter Jurisdiction

Under 28 U.S.C. § 1452(a), a party may generally remove any claim in a civil action to the federal district court if jurisdiction is based on 28 U.S.C. § 1334.   Title 28 U.S.C. § 1334(b) provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."   The Fifth Circuit has adopted the Third Circuit's definition of "related to" bankruptcy jurisdiction:   A case is "related to" a bankruptcy proceeding if "the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy."   Matter of Wood, 825 F.2d 90, 93 (5th Cir. 1987) (emphasis in original), quoting Pacor, Inc. v. Higgins, 743 F.2d

984, 994 (3d Cir. 1984).[6]

Defendants removed this action solely on the basis of title 11, pursuant to 28 U.S.C. § 1452.[7]   Neither party seriously[8] disputes that this case could conceivably have an effect on the estate being administered in the Chapter 7 bankruptcy cases in Texas.   The Court agrees that outcome of ORIX's suit against the three Debtor defendants would conceivably impact the handling and administration of the bankruptcy estate; thus, the instant action is "related to" a bankruptcy proceeding.   See In re J.R. Canion, 196 F.3d 579, 586-87 (5th Cir. 1999).   Accordingly, this Court has

---

[6] The Fifth Circuit has observed that it is unnecessary to distinguish between proceedings arising under or related to a case under title 11; it is necessary only to determine if the case is related to the bankruptcy.   Matter of Wood, 825 F.2d at 93.

[7] Defendants now contend, in their opposition, that the Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Indeed, plaintiff concedes that this alternative basis for jurisdiction "likely" exists.   However, diversity jurisdiction was not invoked by the removing parties in the notice of removal.   Any attempt by defendants to remedy this defect by amending their notice of removal to allege another basis for jurisdiction could well be untimely.   See, e.g., Borne v. New Orleans Health Care, Inc., 116 B.R. 487, 491 (E.D. La. 1990) ("where the jurisdictional base  is not apparent from the face of the notice of removal, an amendment to add new jurisdictional allegations concerning that jurisdictional base will be denied as untimely").

[8] In a footnote in its brief, ORIX suggests that this Court "arguabl[y]" does not have 'related to' jurisdiction because a judgment in ORIX's favor would not impose additional liability on Debtors; rather, ORIX only seeks to make 52 other defendants liable for the December Judgment.   But it seems to the Court that, if ORIX is able to collect from Non-Debtors, this would conceivably have some effect on the administration of the Debtors' bankruptcy estate by reducing the amount collected from the Debtors' estate.

subject matter jurisdiction pursuant to 28 U.S.C. § 1334(b) and this case was removable to federal court under 28 U.S.C. § 1452(a). The issue is thus whether this Court should remand the case to state court, or, alternatively, transfer the case to the Southern District of Texas.

II.   Remand

A.

Because this case is related to a bankruptcy proceeding, 28 U.S.C. § 1452(b) generously vests this Court with the discretion to remand this case "on any equitable ground."   A decision to equitably remand a 'related to' case is not reviewable by appeal. Id.   Indeed, the Fifth Circuit has noted that a district or bankruptcy court has a "much broader range of discretion" in deciding motions to remand in the bankruptcy context than under 28 U.S.C. § 1447(c), the general removal statute.   Browning v. Navarro, 743 F.2d 1069, 1076 n.21 (5th Cir. 1984).

Factors relevant to this determination include: (1) forum non conveniens; (2) that the entire action of a bifurcated matter should be tried in the same court; (3) that a state court is better able to resolve state law questions; (4) expertise of the particular court; (5) duplicative and wasteful use of judicial resources; (6) prejudice to the involuntarily removed parties; (7) comity considerations; and (8) a diminished likelihood of inconsistent results.   Browning v. Navarro, 743 F.2d 1069, 1076 n.

6

21 (5th Cir. 1984).

B.

In addition to an application of the relevant <u>Browning</u> factors, a determination of whether abstention would be appropriate informs and supplements the remand analysis.  <u>See</u>, <u>e.g.</u>, <u>Massey v. Genco</u>, 1997 WL 61449, at *3 (E.D. La. Feb. 6, 1997) (Vance, J.); <u>Hills v. Hernandez</u>, 1998 WL 241518, at *3 (E.D. La. May 12, 1998) (Clement, J.); <u>O'Rourke v. Cairns</u>, 129 B.R. 87, 90 (E.D. La. 1991) (Feldman, J.).  Section 1334 instructs as to discretionary and mandatory abstention:

> (c)(1) [Discretionary]  Nothing in this section prevents a district court *in the interest of justice, or in the interest of comity* with state courts or respect for state law, from abstaining from hearing a particular proceeding ... related to a case under title 11.  (emphasis added)

> (2) [Mandatory] Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can timely be adjudicated, in a State forum of appropriate jurisdiction.

C.

Remand is patently appropriate in this case. This is a non-core proceeding involving purely state law claims[9] and implicating principles of comity that convince the Court to exercise its discretion in favor of remand.

The discretionary abstention factors strongly favor remand.[10] "[C]omity requires federal respect for state courts' competency to conduct proceedings and enter judgments." KSJ Development Co. of Louisiana v. Lambert, 223 B.R. 677, 681 (E.D. La. 1998). ORIX seeks to extend liability on its Louisiana state court judgment from the three Debtor Defendants to the 52 Non-Debtor Defendants Defendants. If remanded, this case will return to the same division of the same state court that is familiar with the parties and the underlying history of the case -- the court that issued the 29-page decision after three years of litigation and a 4-day trial -- ultimately determining that Debtors had committed fraud and also

---

[9] The parties dispute whether Texas or Louisiana law (or both) will apply to this case. Defendants speculate that discovery will show that many of the allegedly fraudulently conveyed properties are outside Louisiana. ORIX counters that Louisiana law will predominate because at least half of the property transfers sought to be rescinded involve Louisiana properties.

[10] The Court notes that several of the Browning factors are not applicable to this remand determination (such as bifurcation, which is not at issue) and the others are either neutral or only slightly favor the defendants (forum non conveniens, diminished likelihood of inconsistent results, expertise of a particular court), or are covered in this Court's analysis of the permissive and mandatory abstention principles (comity considerations, predominance of state law claims).

8

finding many of Debtors' witnesses lacking in credibility.  ORIX suggests that defendants are simply forum shopping to avoid their prior unfavorable result in Louisiana state court, as evidenced by defendants filing for bankruptcy and then removing this action the very next day.  That could well be so, in appearance at least. This Court respects the state court's ability and obligation to resolve these state law issues, and will not condone any effort to federalize ORIX's clearly state law claims or to otherwise "effectively make[] removal to federal court a paternalistic form of interlocutory appeal from an unfavorable state court judgment." Id.[11]  This Court is not some sort of ombudsman that oversees state court decisions that displease some litigants.

Also weighing in favor of remand, most (if not all) of the factors for mandatory abstention are met:  The plaintiff made a timely motion to remand.  As to whether the claim could have been filed in federal court absent bankruptcy jurisdiction, the Court notes (as it did above) that it is likely that diversity jurisdiction exists.  However, defendants did not invoke this ground for jurisdiction in their notice of removal and, if the issue of amending the notice of removal were before the Court, the

---

[11]  Plaintiff notes that this is not the first Court to find that the permissive abstention factors are implicated: when Cyrus previously filed for bankruptcy in September 2004, the bankruptcy judge sua sponte permissively abstained from hearing disputes between ORIX and Cyrus based on comity considerations.

request could be denied as untimely.[12]  The case is only "related to" a case under title 11.  And, finally, the claim can be timely adjudicated in Louisiana state court.  Had defendants not removed this case, the plaintiff's preliminary injunction hearing would have taken place last year, on June 29, 2005 and, thus, the state court's adjudication of plaintiff's claims would have been well underway.

Another factor that provides a solid foundation for this Court's decision to remand on any equitable ground is that the Chapter 7 Trustee has joined ORIX in support of remanding this case to state court.  Finally, serious questions as to whether defendants are indeed attempting to forum shop and engage in other dilatory tactics lends support to this Court's decision to exercise its discretion in favor of remanding this action "on any equitable ground."[13]

---

[12] Diversity jurisdiction was not raised by the removing parties in the notice of removal.  Any attempt by defendants to remedy this defect by amending their notice of removal to allege another basis for jurisdiction, if this issue was before the Court, would likely be denied as untimely.  However, the Court need not resolve this issue because there are so many other factors favoring equitable remand.  (While each of the factors for mandatory abstention must be met for a Court to abstain, such factors merely inform, rather than control, the equitable remand analysis).

[13] The Court rejects as seriously flawed the Non-Debtor Defendants' contention that ORIX wishes to proceed in Louisiana state court because application of Texas law would be fatal to their claims.  Which law applies will be determined by reference to choice of law principles, not venue.  And to the extent defendants are suggesting that Louisiana state court is somehow less competent than Texas bankruptcy court to apply Texas law, assuming it will

Accordingly, because this Court finds equitable grounds for remanding the action, the plaintiff's motion to remand is GRANTED and the defendants' motion to transfer is DENIED as moot.  The case is hereby remanded to the 24th Judicial District Court for the Parish of Jefferson.

New Orleans, Louisiana, June 28, 2006.

_____

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

apply at all, is rejected.  (The Court notes, for whatever it is worth, that both parties seemingly concede that Louisiana law and Texas law will both apply, depending on location of property allegedly fraudulently transferred, etc.)

11